## INVALIDITY OF A GARBAGE REMOVAL CONTRACT.

Common Pleas Court of Franklin County.

FEIST v. CITY OF COLUMBUS ET AL.

Decided, December 9, 1921.

*Municipal Corporations—Authority of Home Rule Cities—To Exact Fees in Reasonable Amounts from Persons in Various Occupations— Equal Protection Clause Violated where Licenses are Made Unreasonable in Amount.*

A city ordinance which imposes a license fee of twenty dollars a month upon the business of collecting and transporting garbage through the streets, is not a regulatory measure, but an exaction far in excess of the cost to the city or the value of the privilege granted, and is invalid because of its unreasonableness.

*C. P. McClelland,* for plaintiff.

*Chas. A. Leach* and *L. F. Laylin,* for defendant.

ROGERS, J.

The plaintiff shows in his petition that he has a contract with the Deshler Hotel Company of this city, whereby he has bought and agreed to carry away its garbage for a year for the sum of $200; that the fulfillment of this contract necessitates the use of the streets of the city of Columbus for purposes of transporting the garbage; and that during the existence of this contract the city passed an ordinance, the substance of which is:

"Section 1. That it shall be unlawful for any person   *   * to engage in the business of buying, collecting or transporting through the streets or public ways of the city of Columbus any garbage   *   *   * without first obtaining a license to engage in such business."

And Sections 2, 3 and 4 provide that a monthly license of $20 shall be paid as a prerequisite to engage in such business, and also that for the violation of such ordinance a penalty is attached.

The plaintiff also complains that the city threatens to enforce the above ordinance, and that such enforcement will make it impossible for him to perform his contract and subject him to irreparable losses. And he maintains that the ordinance is void for several specific reasons set forth in his petition, and he seeks an injunction against its enforcement.

A general demurrer is filed to the petition to test its sufficiency. Among the reasons assigned for the invalidity of the ordinance, it is alleged that it is unreasonable and oppressive. Much time and learning has been spent in the briefs of counsel on the subject whether the exaction is a license or a tax. I have reached the conclusion that it does not make any difference what it is called. If there has been an unreasonable exercise of the power of the city in attempted enactment of the ordinance, it is void and nonenforcible. Under our decisions, "home rule" cities may, by or-

dinance, lay a tax upon persons engaged in various occupations, and such exactions are a valid exercise of the legislative power of such cities. Furthermore cities within the general powers granted by the constitution and statute may grant licenses for the privilege of transacting various lines of business. See as to the former *State ex rel* v. *Carrel*, 99 O. S., 220; and as to the latter proposition it is too familiar to need citation of authority in its support.

While these rights of legislative grant are conferred upon cities, it is equally fundamental that such exactions must be reasonable, and in matters of licenses the exactions can not exceed the reasonable value of issuing the license and regulating the business. See *Handley* v. *Westerville*, 10 N.P.(N.S.), 521.

Further, in matters of excise taxes (and the case before us if not a license is an excise tax), when a privilege is taxed the tax on the privilege can not exceed the value of the privilege originally conferred, or its continued annual value thereafter. Assumming therefore that the exaction is an excise tax, or a tax on a privilege, if the tax exceeds the value of the privilege taxed it violates the provisions of the constitution relative to the inviolability of private property, the equal protection and general wel fare clauses of the constitution. See *Saviers* v. *Smith*, 101, O. S., 132, 136, 137, 138; *Southern Gum Co.* v. *Laylin*, 66 O. S., 578; *Janes* v. *Graves*, 15 N.P.(N.S.), 193).

The question, among others, is whether the ordinance is unreasonable. I am satisfied it is. The exaction of twenty dollars monthly for the privilege of purchasing, or collecting, or transporting garbage etc., whether treated as a license or a tax has no semblance of reasonableness about it. It matters not whether the person who engages in the business be the original producer and owner of the product, or buys the product from another; or how great or small the quantity or the value of the garbage may be, if he wishes to transport it on the public streets, whether it be once a month or one thousand times a month, he must pay monthly $20. for doing so, as long as he may have to use the streets for that purpose. As a regulatory measure the fee is not limited, as the law requires, to the reasonable value of issuing the license and regulating the business, but is far in excess of

such uses.　As an excise tax as well as a·license, it clearly violates the constitutional safeguards above mentioned in exacting a fee far in excess of the reasonable value of the privilege granted. What value, if any, can be attached to the privilege, not enjoyed by others as to other products, of transporting one's own garbage on the highways?　No particular kind of vehicle is sought to be taxed in connection with the business so as to make it of value to the user, or of injury to the streets, to use the streets for such transportation.　But no matter what the means of transportation, the person who engages in the business of transporting the product must have a license for the privilege.

It is evident that the real purpose of the ordinance is not to protect the health of the community or for sanitary reasons. and therefore, a police regulation.　For there is no restriction whatever as to the manner or means of transportation.　If the price is paid monthly; the privilege, unlimited in every way, is granted the licensee. It is easy to see the object of the ordinance Its covert purpose is to compel all persons within the city, who may have waste products from their tables or otherwise, instead of utilizing the propduct for their personal profit, to surrender the property right therein by abandoning the same so that the city may monopolize the business of garbage disposal.

If the ordinance in question be held valid, every person engaged in the business of transporting any product he may posess may by ordinance be charged $20.00 a month so long as he engages in the business of using the streets for such transportation.　This cannot be the law.　Garbage is no different, if properly handled, from any other products from stores and factories, which although they have a value, are waste in the particular business. Yet the proprietor may be virtually prohibited from disposing of his waste product because the streets are not open to him for their transportation unless he pay $20.00 monthly.

In the final analysis, the privilege of the individual use of the streets and public thoroughfares, which do not belong to the city but to the public, may virtually be taken away from every citizen by such unreasonable exactions, as appear from the ordinance in question.　This cannot be tolerated and the· demurrer is accordingly overruled.